UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARVIN TROTTER,** : | |
| **Plaintiff** : | CIV. ACTION NO. 1:24-CV-1650 |
| v. : | (JUDGE MANNION) |
| **SECRETARY OF THE** : **PENNSYLVANIA DEPARTMENT** **OF CORRECTIONS,** *et al.,* : | |
| **Defendants** : | |

## MEMORANDUM

This is a prisoner civil rights case in which plaintiff alleges generally that defendants are violating his constitutional rights by refusing to give him a Kosher diet. (Doc. 1). On July 8, 2025, the court issued an order denying plaintiff's motion for preliminary injunction and noting that based on the materials before it, "there appear[ed] to be an arguable basis to conclude that plaintiff did not exhaust administrative remedies prior to filing this case." (Doc. 41). Because it appeared that an expedited resolution of the case may be possible on that issue, the court set an expedited schedule for all discovery and dispositive motions related to exhaustion and stayed the case in all other respects. (*Id.*)

Several motions have been filed since that order that are now pending before the court. On July 21, 2025, plaintiff filed a motion for leave to file an

appeal *nunc pro tunc*, which appears to relate to the denial of his request for parole by state officials. (Doc. 43). On August 19, 2025, plaintiff filed a motion to strike a declaration relating to the issue of administrative exhaustion that defendants had produced in response to plaintiff's motion for preliminary injunction. (Doc. 46). On December 31, 2025, defendants filed a motion for summary judgment on the issue of administrative exhaustion in compliance with the schedule that had been set by the court. (Doc. 52). In response, plaintiff filed a motion to compel discovery on January 5, 2026, arguing that additional discovery on exhaustion was needed. (Doc. 54).[1] On February 5, 2026, plaintiff filed a motion to "approach the bench," in which he asks the court to rule on his other pending motions. (Doc. 62). Finally, on February 9, 2026, defendants filed a motion to withdraw their motion for summary judgment and to set a new dispositive motions deadline for thirty days after resolution of plaintiff's motion to compel discovery. (Doc. 64). The court resolves all of these pending motions in the instant order.

---

[1] The Clerk's office received two identical copies of the motion and docketed both as pending motions. (*See* Docs. 54-55).

2

## II. DISCUSSION

At the outset, the court will grant defendants' motion to withdraw the motion for summary judgment and to set a new dispositive motions deadline because the court agrees with defendants that resolution of the pending motion to compel discovery could alter the arguments and issues relevant to the summary judgment motion.

The court will next deny plaintiff's motion to appeal *nunc pro tunc* and motion to strike as moot. Plaintiff's motion to appeal *nunc pro tunc* seeks to file an untimely appeal relating to the denial of his parole in state court. (*See* Doc. 43). This request is irrelevant to this case. Plaintiff does not seek any relief related to denial of parole. (Doc. 1). Moreover, it appears from plaintiff's complaint that the relief he is seeking—to the extent any could be granted—would be properly sought in the state courts of Pennsylvania.

As for the motion to strike, it seeks to strike from the record a declaration that was filed related to the issue of exhaustion in connection with the now-resolved motion for preliminary injunction. (Doc. 46). It is not clear from the present record whether this declaration will continue to be part of the evidentiary record when defendants subsequently file their renewed motion for summary judgment as allowed above.  Any objections to this declaration may be made when the summary judgment motion is filed if the

declaration is again filed at that point. Accordingly, both motions will be denied as moot.

This leaves plaintiff's motion to compel discovery as the last substantive motion needing resolution. Motions to compel discovery are governed by Federal Rule of Civil Procedure 37(a), which allows a party who has received evasive or incomplete discovery responses to seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. *Fassett v. Sears Holding Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017). If the movant makes an initial showing of relevance, the burden shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Schiavone v. Luzerne County*, 343 F.R.D. 34, 37-38 (M.D. Pa. 2023).

In his motion, plaintiff seeks production of three categories of discovery materials: (1) documents regarding the whereabouts and custody status of another inmate, James A. Paluch, Jr., during the period when plaintiff was attempting to exhaust administrative remedies; (2) the "original envelope" that the DOC's Secretary's Office of Inmate Grievances and Appeals ("SOIGA") purportedly received in connection with plaintiff's grievance; and

4

(3) a response to an interrogatory as to whether the DOC suffered any "harm," "injury," or "prejudice" based on plaintiff's alleged failure to exhaust administrative remedies. (Doc. 56 at 2-4).

Defendants argue that the motion should be denied in its entirety because the information related to Paluch is not relevant, because they are making independent arrangements for defendant to review the envelope and therefore should not be compelled to do so, and because there is no requirement that the DOC suffer harm, injury, or prejudice to advance a failure to exhaust administrative remedies. (Doc. 63).

With respect to the envelope and the question of harm or prejudice, the court agrees with defendants. Defendants' voluntary production of the envelope for plaintiff's production moots his request to compel production, and there is no requirement that the DOC suffer "harm" in order for defendants to succeed on the affirmative defense of failure to exhaust. The motion to compel will accordingly be denied on these points.

With respect to the information regarding Paluch, however, the court will compel discovery. Plaintiff seeks the information regarding Paluch's whereabouts and security classification during the relevant period because Paluch was purportedly assisting plaintiff in filing his grievance and related appeals and was allegedly in possession of the grievance documents when

he was placed in the Restricted Housing Unit ("RHU"). (Doc. 56 at 2-4). Liberally construing plaintiff's filings, it appears that this information could be used to argue that the grievance process was rendered unavailable to plaintiff because Paluch had his grievance documents and prison officials prevented or obstructed him from getting the documents back from Paluch. Although defendants may believe this argument is unlikely to succeed, plaintiff is entitled to obtain evidence relevant to the argument and advance the argument in response to defendants' exhaustion defense.

There also do not appear to be any security concerns with plaintiff obtaining information about Paluch because Paluch has purportedly consented to the release of the information.[2] In the event that any security concerns become apparent during the production of these documents, defendants are permitted to bring these concerns to the court's attention and seek a protective order or other appropriate relief. The court will accordingly grant the motion to compel discovery to the extent it seeks information

---

[2] Plaintiff has previously sought leave of the court to have Paluch appointed to act his representative in this litigation. (Doc. 34). The court denied the motion, finding that any permission for Paluch to assist plaintiff with the litigation would need to come from the prison in which they were incarcerated and was not a decision properly made by the court. (Doc. 38).

relating to Paluch's whereabouts and security classification during the period relevant to plaintiff's attempt to exhaust administrative remedies.[3]

## III. CONCLUSION

For the foregoing reasons, defendants' motion to withdraw their motion for summary judgment will be granted, the motion for summary judgment will be terminated as a pending motion, plaintiff's first motion to compel discovery will be granted in part and denied in part, plaintiff's second, duplicate motion to compel discovery will be terminated as a pending motion, plaintiff's motion for leave to appeal *nunc pro tunc*, motion to strike, and motion to approach the bench will be denied as moot, and the court will set new deadlines for the completion of discovery and the filing of dispositive motions. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   February 23, 2026**
24-1650-01

---

[3] Plaintiff's duplicate motion to compel discovery will be terminated as a pending motion because it is identical to the first motion. Plaintiff's motion to approach the bench will be denied as moot because the only relief it requested was rulings on plaintiff's other motions. (Doc. 64).