**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARVIN TROTTER,** | **:** | |
| **Plaintiff** | **:** | **CIV. ACTION NO. 1:24-CV-1650** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*,** | **:** | |
| | **:** | |
| **Defendants** | **:** | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the case will be dismissed with prejudice for plaintiff's failure to prosecute.

## I. BACKGROUND

Plaintiff, Marvin Trotter, alleges that defendants are violating his civil rights by failing to provide him a Kosher diet in accordance with his Jewish faith. (Doc. 1). The case is currently in discovery, and the court has additionally set an expedited schedule for defendants to move for summary judgment on the issue of whether Trotter exhausted administrative remedies prior to filing this case. (*See* Doc. 77).

On September 8, 2026, the court's most recent order—which extended the deadline for dispositive motions on the issue of exhaustion and set a

case management schedule for the remainder of the case—was returned to the court as undeliverable, with a notation indicating that Trotter has been paroled from Pennsylvania Department of Corrections custody. (Doc. 78). The court has conducted independent searches of the DOC's online inmate locator and the inmate locator for the federal Bureau of Prisons, and it does not appear that he is incarcerated in either system. Trotter has not updated his address since his parole, and the court is unaware of any other mailing address at which it could reach him. Trotter has previously been given notice that he is obligated to inform the court of any changes to his mailing address. (Doc. 8 at 1). Thus, in light of Trotter's failure to update his mailing address, the court will analyze whether dismissal of the case for his failure to prosecute is appropriate.

## II. Discussion

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

> scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three *Poulis* factors weigh in favor of dismissing this case. First, because Trotter is proceeding pro se, he is personally responsible for his failure to comply with the court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address causes prejudice to defendants by delaying resolution of the case. *Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, Trotter has shown a history of dilatoriness by failing to update his address. *Id.*

The court finds that the fourth and fifth *Poulis* factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other

sanctions against him at this time, the court is without any viable alternative to dismissal.

The sixth and final factor, the meritoriousness of Trotter's claim, is neutral. This case is still in its preliminary stages and the court thus has not had an opportunity to meaningfully consider the merits of Trotter's claims.

Upon balancing the *Poulis* factors, the court finds that they weigh heavily in favor of dismissal. In light of plaintiff's failures to comply with the court's directions to keep the court informed of his current mailing address, we will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH,* 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order."). However, because the court has not previously given Trotter notice that the case may be dismissed for his failure to prosecute, the court will automatically reopen the case without Trotter having to file a formal notice pursuant to Federal Rules of Civil Procedure 59 or 60 if he updates his address within thirty days of this decision.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss this case with prejudice for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

*Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated: October 1, 2026**
24-1650-02